■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS WILLIAM BALL, Appellant.— Judgment unanimously reversed, motion to suppress confession granted and matter remitted to Cattaraugus County Court for further proceedings on the indictment. Memorandum: Defendant-appellant was indicted for arson, second degree, and pleaded not guilty. He was examined by a psychiatrist whose clinical diagnosis was "Unsocialized Aggressive Reaction of Adolescence" but he found that defendant was "able to stand trial". After a suppression hearing which resulted in a finding that the alleged confession was voluntary, defendant pleaded guilty to the indictment as a youthful offender and was committed to Elmira Reception Center. A few days after his arrival at the center, defendant was examined by two physicians who found that he was mentally ill within the meaning of the law. He was then committed to Matteawan State Hospital where he is presently a patient. On this appeal from his confession defendant contends that because of his mental incapacity the finding that his confession was voluntary was an error. At the time of his arrest defendant was 18 years of age and had been a patient at Gowanda State Hospital on three occasions and had been released from the hospital after a four-month stay about two months prior to his arrest. Defendant also suffered from epilepsy and was taking three drugs for that condition. His school record was "very poor" and he was "considerably behind the others" in his school work. Only a few hours before his arrest defendant had been drinking and taking the drugs prescribed for his epileptic condition. The District Attorney, with admirable candor, states that "It is questionable that the people sustained their burden of proving the defendant's confession voluntary beyond a reasonable doubt". The District Attorney concludes his brief with the statement that the confession should have been suppressed as not voluntary beyond a reasonable doubt and that a sanity hearing should have been held as to the competency of the defendant to stand trial. The record supports these statements made by the District Attorney. We find that the motion to suppress the alleged confession should have been granted and under the circumstances the matter should be returned to Cattaraugus County Court for further proceedings on the indictment. (Appeal from judgment of Cattaraugus County Court adjudging defendant a youthful offender.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Simons, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. JAMES G. NAPIER, Appellant, v. ERNEST L. MONTANYE, Respondent.— Appeal unanimously dismissed as moot, relator having been released on parole on August 22, 1973. (See *People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Simons, JJ.